Peter C. BROWN
and Judith A. Brown,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4390)

Trial was held January 18, 2000, in the courtroom of the Oregon Tax Court, Salem.

Peter and Judith Brown, Plaintiffs (taxpayers), argued the cause *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Defendant rendered March 8, 2000.

**CARL N. BYERS, Judge.**

Plaintiffs (taxpayers) appeal assessments of additional income taxes, penalties, and interest for the 1989, 1990, and 1991 tax years. Taxpayers' appeal was dismissed by the magistrate for failure to appear for trial. The underlying claims concern disallowed business expenses.

## FACTS

Prior to 1988, Peter Brown was employed by Benjamin Franklin stores, a chain of craft stores. In 1988, he

left that employment and started a consulting business. He testified that he consulted on site evaluations, leases, and markets for craft stores. Apparently, he taught Judith Brown how to assist with inventory selection and display craft items. He testified that the two of them constituted a full partnership and that the nature of their business required extensive travel with significant expenses for entertainment, meals, and lodging. While he anticipated great success and spent substantial sums in 1989 getting the business started, by the end of 1990, the business was diminishing rapidly. Taxpayers also had trouble collecting the amounts owing them and, as a result, in 1991 declared personal bankruptcy.

Apparently due to their business difficulties and taxpayers' own procrastination, they did not file income tax returns for 1989, 1990, and 1991 until 1995. When the returns were filed, they were audited.

The auditor requested additional records and information substantiating the expenses claimed. Taxpayers furnished copies of their credit card statements, showing items purchased. However, taxpayers' use of the same credit card for personal expenses and business expenses caused the auditor to request more information. No other records were provided and eventually additional taxes, penalties, and interest were assessed. Taxpayers appealed the assessments to a conference officer at the department. After a conference, the officer granted taxpayers some additional limited deductions. Taxpayers then appealed to the Magistrate Division of the Tax Court.

Taxpayers testified that no case management conference was held, and they never received any notice of a trial date. Consequently, they were unaware of the date the trial was to be held and therefore should be excused from failing to appear for trial.

## ISSUES

Should taxpayers' appeal be considered on the merits? If so, are taxpayers entitled to greater deductions other than those allowed?

## ANALYSIS

The normal practice of the Magistrate Division of this court is to conduct a case management conference, at which time a trial is scheduled if necessary. Taxpayers testified that they do not remember any case management conference and did not receive notice of the trial. Counsel for the department indicated that he was unaware of whether a case management conference had been conducted. After considering the testimony, and being in doubt as to whether adequate notice was given, the court determined that it would hear this matter on the merits.

Taxpayers appeal from the disallowance of items claimed as business expenses. Internal Revenue Code (IRC) sections 162 and 174 require taxpayers to provide substantiating evidence of the business nature of the expense. In this case, some expenses were not allowable deductions, such as federal self-employment taxes, term life insurance premiums, and a bad-debt loss. Taxpayers knew enough in preparing their own return to know that those types of items are potentially deductible. What taxpayers apparently did not know is that they did not meet the conditions imposed by the code to qualify for those deductions. The court finds the auditor's disallowance of those items was proper.

The largest source of disputed expenses was for travel, including meals and lodging. Because some records were provided, the auditor allowed approximately 50 percent of the claimed expenses for 1989 and 1990. Although the records were not adequate and did not comply with the statutory requirement of IRC § 274(d), she applied the Cohan rule to allow a reasonable amount. *See Cohan v. Commissioner of Internal Revenue*, 39 F2d 540 (1930). The auditor did not allow any expenses in 1991 because taxpayers had no records whatsoever. In fact, taxpayers submitted no evidence that they were in business in 1991 except their statement to that effect.

■ Based on taxpayers' testimony and arguments at trial, it is clear that taxpayers failed to appreciate the need for records, particularly contemporaneously maintained records. Self-serving explanations and records created after

the fact do not carry the same weight of persuasion as contemporaneous records maintained in the usual course of business. While the law clearly allows for business deductions, meals and lodging are of such a personal nature that the law requires substantiating documentation. IRC § 274(d). Otherwise, self interest could convince many taxpayers that their personal living expenses are really business expenses. As one taxpayer once rationalized before this court "if I am not alive, I can't earn income and therefore everything is a business expense."

Lacking this appreciation, taxpayers' primary effort at trial was to challenge the auditor's adjustments. Taxpayers provided little more than argument as opposed to evidence. Their explanation for the absence of any records or any additional records is not satisfactory.

Taxpayers are essentially asking the court to rely upon their representations, based upon their memories of their business activities. However, taxpayers did not demonstrate clear memories of their business affairs. Taxpayers were not sure of the dates they reviewed their credit card statements and decided what was deductible on their income tax returns. If the 1989 income tax return was prepared in 1991 or 1995, it is unlikely that taxpayers' memories of specific charges were clear. Judith Brown testified that the return might have been prepared in 1991 but not mailed until 1995. However, she was not sure of that memory. Certainly, if that was the case, the behavior raises questions. In short, the lack of records plus taxpayers' unclear memories result in very unreliable evidence.

■ After reviewing the evidence, the court finds that the auditor's judgment with regard to which expenses were probably business was, as the conference officer indicated, "generous." However, the auditor did make an error. She testified that because taxpayers were cash-basis taxpayers, they must pay the credit card statement before they are entitled to deduct the business expense. That understanding is incorrect. Payment of an expense by a credit card occurs when the credit card is charged with the amount, not when the debtor pays the credit card company. In fact, if a taxpayer makes a charitable contribution by charging it on a credit card, a

deduction for that contribution must be claimed in the year in which the charge is made, not any later year in which the credit card company is paid. Rev Rul 78-38, 1978-1 CB 67.

In view of the auditor's error, the department is instructed to recalculate taxpayers' tax liability using the correct rule with regard to when expenses were paid. No other changes are to be made with regard to deductible expenses. The department shall submit the recalculated tax liability to the court with a copy to taxpayers. If taxpayers have any objections or questions concerning the calculations, they will file their written objections with the court within 20 days from the date the department mails taxpayers the calculations. Thereafter, the court will resolve any questions concerning the recalculations and then issue a judgment in accordance with this Opinion. Costs to neither party.